Dear Mr. Upchurch:
This opinion is in response to your question asking:
 May funds collected pursuant to a Sales Tax collected pursuant to Section 67.700, RSMo 1986, and the interest earned thereon, be used for any purpose other than the capital improvement specified on the ballot creating such a tax, where the funds collected and interest earned thereon exceed present needs after payment of all costs associated with the originally contemplated construction?
Section 67.700, RSMo 1986, authorizes certain counties to impose a sales tax on retail sales made in such county for any capital improvement purpose designated by the county in the ballot of submission to the voters of the county and approved by a majority of the qualified voters voting on such proposal.
Your opinion request advises that in 1983 the voters in Franklin County approved, and the Franklin County Commission imposed, a sales tax pursuant to Section 67.700, RSMo 1986, for a period of six (6) years ending December 31, 1989, for the purpose of "the construction of a county jail and sheriff's facility". You further advise that the facility has been completed; that all construction costs and related expenses have been paid; that a balance of approximately $1.5 million remains in the fund established for such purpose; that the fund will continue to grow from additional sales tax revenue collected until December 31, 1989, as well as from interest earned from investment of the fund; and that no additional capital improvement to the facility is contemplated at this time.
Subsection 7 of Section 67.700, RSMo 1986, states:
 All revenue received by a county from the tax authorized by sections 67.700 to 67.727 which has been designated for a certain capital improvement purpose shall be deposited in a special trust fund and shall be used solely for such designated purpose. Upon the expiration of the period of years approved by the voters under subsection 2 of this section or if the tax authorized by sections 67.700 to 67.727 is repealed under section 67.721, all funds remaining in the special trust fund shall continue to be used solely for such designated capital improvement purpose. Any funds in such special trust fund which are not needed for current expenditures may be invested by the governing body in accordance with applicable laws relating to the investment of other county funds.
Subsection 7 evidences a clear legislative intent that all revenues received from the sales tax imposed pursuant to Section67.700, RSMo 1986, including interest from the investment of such funds, must be devoted solely to the capital improvement purpose designated in the ballot of submission and approved by the voters of the county, and that the county is without authority to expend such funds for any other purpose. See
Opinion Letter No. 104-87, a copy of which is enclosed, andState ex rel. Fort Zumwalt School District v. Dickherber,576 S.W.2d 532, 537 (Mo. banc 1979).
Further, the designated capital improvement purpose approved by the voters of Franklin County (i.e., "construction of a county jail and sheriff's facility") encompasses not only the actual construction of such facility, but also the maintenance and utilization of the completed facility. See
Opinion No. 14-88, a copy of which is enclosed. Cf. Sections67.550.3 and 67.590.3, RSMo 1986.
CONCLUSION
It is the opinion of this office that all funds received by a county from a sales tax imposed pursuant to Section 67.700, RSMo 1986, for the purpose of the construction of a county jail and sheriff's facility, and any interest earned upon the investment of such funds, must be expended solely for the construction, maintenance and utilization of such facility.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 104-87 Opinion No. 14-88